**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
 Attorneys for Defendants LVMPD, Sheriff Kevin McMahill, Sgt. Bagaporo, Sgt. Blum, Ofc. Garcia and Ofc. Ortega

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TAYLOR SOMMER, individually; TAYLOR SOMMER, as the Administrator of the ESTATE OF REINER SHAWN SOMMER, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LAS VEGAS, NEVADA a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KEVIN MCMAHILL, individually and as a policy maker and Sheriff of LAS VEGAS METROPOLITAN POLICE DEPARTMENT; SERGEANT GERALD BAGAPORO, individually and in his official capacity; SERGEANT JEFFREY BLUM, individually and in his official capacity; OFFICER ANDREW GARCIA, individually and in his official capacity; OFFICER JOSEPH ORTEGA, individually and in his official capacity; DOE LAS VEGAS METROPOLITAN POLICE DEPARTMENT SUPERVISORS I through X, inclusive and ROE LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICERS XII through XX, inclusive,<br><br>Defendants. | Case Number:<br>2:23-cv-01682<br><br>**DEFENDANTS LVMPD, SHERIFF KEVIN MCMAHILL, SGT. BAGAPORO, SGT. BLUM, OFC. GARCIA AND OFC. ORTEGA'S MOTION FOR PARTIAL DISMISSAL** |

/ / /

/ / /

/ / /

Defendants Las Vegas Metropolitan Police Department ("LVMPD"), Sheriff Kevin McMahill, Sgt. Bagaporo, Sgt. Blum, Ofc. Garcia and Ofc. Ortega ("LVMPD Defendants"), by and through their attorney of record, Marquis Aurbach, hereby file their Motion for Summary Judgment.  This Motion is made and based upon the Points & Authorities attached hereto and any oral argument allowed at the time of hearing.

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

This 42 U.S.C. § 1983 lawsuit involves the unfortunate in-custody death of Reiner Shawn Sommer ("Sommer"). On October 17, 2021, the LVMPD Defendants were called to a Walgreens' bathroom because Sommer was in medical distress. The officers, after viewing Sommer for a significant period, decided to take Sommer into custody under a mental health hold. Sommer resisted the officers' attempts to extract him from the bathroom. After Sommer was handcuffed and in custody, the officers noticed that he was unresponsive and obtained immediate medical care for him. Unfortunately, Sommer did not regain consciousness and passed away. Plaintiff alleges the officers asphyxiated Sommer.

On October 16, 2023, Sommer's daughter, Taylor Sommer, both individually and as the representative of Sommer's estate, filed suit. The lawsuit names the following defendants: City of Las Vegas, LVMPD, current-LVMPD Sheriff Kevin McMahill, LVMPD sergeant Gerald Bagaporo, LVMPD sergeant Jeffy Blum, LVMPD officer Andew Garcia, and LVMPD officer Joseph Ortega. The Complaint alleged the following causes of action: (1) § 1983 Fourth Amendment excessive force (first cause of action); (2) § 1983 Fourteenth Amendment deprivation of familial relationship (third cause of action); (3) *Monell*[1] claims against LVMPD (second, fourth, and fifth causes of action); (4) state law negligence (sixth cause of action); (5) state law intentional/negligent infliction of emotional distress ("IIED/NIED" (seventh cause of action); (6) state law wrongful death (eighth cause of action); (7) state law negligent supervision and training (ninth cause of action); (8) state

---

[1] *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978).

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  law battery (tenth cause of action); (9) violations of Article 1 Section 8 and 18 of the Nevada
2  State Constitution (eleventh cause of action) and (10) attorneys' fees and costs (twelfth
3  cause of action).

4  This Motion asks that the Court take the following action:

5  1. Dismiss Sheriff Kevin McMahill from the lawsuit because (a) he was not
6  personally involved in the incident, (b) he was not Sheriff on the date of the incident; and (c)
7  the official capacity claims against him are duplicative of the claims against LVMPD.

8  2. Dismiss the official capacity claims against each of the individually named
9  defendants as the claims are duplicative of the claims against LVMPD.

10  3. Dismiss the *Monell* claims against LVMPD because Plaintiff has failed to
11  plead sufficient facts supporting the claims.

12  4. Dismiss plaintiff's state-law negligent training and supervision claims
13  pursuant to Nev. Rev. Stat. § 41.032.

## II. PLAINTIFF'S PLED FACTS

### A. THE SUBJECT INCIDENT.

On October 17, 2021, Sommer went to the Walgreens located at 6485 South Fort Apache Road in Las Vegas to fill a prescription. (Compl. at ¶36) While waiting for a prescription to be filled, Sommer began to experience a medical episode. (*Id.* at ¶¶38-39) Sommer "made his way" to a restroom where a store manager found him on the floor. (*Id.* at 40) The manager requested medical assistance, and the Clark County Fire Department ("CCFD") responded and, in turn, contacted America Medical Response ("AMR"). (*Id.* at 41-43) Sommer's speech became "confusing and non-sensical", he dislodged the toilet from the floor, and he began scooping toilet water into his mouth. (*Id.* at ¶¶41-43) As a result, CCFD called LVMPD for assistance. (*Id.* at ¶43)

Sergeant Bagaporo and Sergeant Blum responded to the Walgreens. (*Id.* at ¶48) The sergeants obtained information from witnesses and attempted to communicate with Sommer and get him to voluntarily exit the bathroom. (*Id.* at ¶49) The officers concluded Sommer "was in the midst of a medical crisis" and made a plan to take Sommer "into custody on the

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  basis of either a trespass or a Legal 2000[2]." (*Id.* at 52) When Sommer refused to voluntarily
2  exit and began to scoop toilet water into his mouth, Sergeant Bagaporo and Officer Garcia
3  entered the room and attempted to handcuff Sommers. (*Id.* at ¶¶54, 57-60) Sommers resisted
4  the officers' handcuffing attempts for several minutes. After completing handcuffing, the
5  officers noted Sommer was "turning purple", removed his handcuffs, and had medical
6  personnel attempt to resuscitate him. (*Id.* at ¶¶61-62) Unfortunately, Sommer could not be
7  resuscitated, and he passed away.

   **B.   ALLEGATIONS REGARDING LVMPD'S POLICIES AND TRAINING.**

   The Complaint alleges the City of Las Vegas has failed to adopt policies and training to protect individuals such as Sommer. (Compl. at ¶¶69-79) The Complaint implies the City of Las Vegas is responsible for LVMPD's officers and training. This is incorrect. LVMPD is a consolidated law enforcement agency formed by Nev. Rev. Stat. § 280.010. Thus, the City of Las Vegas is not responsible for the acts of LVMPD employees - LVMPD is. (It is anticipated the City of Las Vegas will file its own motion to dismiss.)

   Assuming the Complaint's allegations apply to LVMPD, the plaintiff alleges that, despite knowing LVMPD officers would come into contact with mentally ill individuals and individuals in medical distress, LVMPD knew its officers would likely use excessive force and still failed to "implement appropriate training and policies." (*Id.* at ¶¶75-76) The Complaint offers no specific supporting facts.

   **III.   MOTION TO DISMISS LEGAL STANDARD**

   Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim is a question of law, *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 641 (9th Cir. 1989), and is appropriate when a "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Abramson v. Brownstein,* 897 F.2d 389, 391 (9th

---

[2] In Nevada, officers can take non-criminal suspects into custody if it is determined that probable cause exists that the individual is a danger to himself or others and/or requires medical care. *See* Nev. Rev. Stat. § 433A.160.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   Cir. 1990) (quoting *Gibson v. United States,* 781 F.2d 1334, 1337 (9th Cir. 1986)). The
2   Supreme Court has addressed the minimum standards a complaint must meet to withstand a
3   motion to dismiss under FRCP 12(b)(6), when measured against the pleading requirements
4   set by FRCP 8(a)(2). "While a complaint attacked by Rule 12(b)(6) motion to dismiss does
5   not need detailed factual allegations…a plaintiff is obligated to provide the 'grounds' of his
6   'entitle[ment] to relief' [under Rule 8(a)(2), it] requires more than labels and conclusions,
7   and a formulaic recitation of the elements of a cause of action will not do…." *Bell Atlantic*
8   *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting FRCP 8; first set of original brackets
9   in original). The Court extended the pleading requirements articulated in *Twombly*, an anti-
10  trust case, to all cases. *See Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). As a result,
11  "[f]actual allegations must be enough to raise a right to relief above the speculative
12  level…on the assumption that all the allegations in the complaint are true (even if doubtful
13  in fact)." *Id.*

14       To satisfy FRCP 8(a)(2), a plaintiff must plead "enough facts to state a claim to relief
15  that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility
16  when the plaintiff pleads factual content that allows the court to draw the reasonable
17  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677-78.
18  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it
19  stops short of the line between possibility and plausibility of entitlement to relief." *Id.*
20  (internal quotations and citations omitted). While a court must accept all allegations as true,
21  that tenant "is inapplicable to legal conclusions. Threadbare recitals of the elements of a
22  cause of action, supported by mere conclusory statements, do not suffice." *Id.* Ultimately,
23  Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than
24  mere conclusions." *Id.* Dismissal is proper where there is either a "lack of a cognizable legal
25  theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri*
26  *v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

27
28

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## IV. LEGAL ARGUMENT

### A. SHERIFF MCMAHILL MUST BE DISMISSED.

Plaintiff is suing LVMPD's current-Sheriff Kevin McMahill. Sheriff McMahill is only mentioned in one paragraph:

> 11. Defendant, SHERIFF KEVIN McMAHILL (*"Sheriff McMahill"*), was and is a resident of the State of Nevada, County of Clark, and the sheriff of LVMPD. He is sued in his individual and official capacity in his role as a policy maker of LVMPD as it relates to Plaintiffs' claims. Upon information and belief, Sheriff McMahill is the primary decision maker responsible for all policy, practice, procedures, supervision, and training for LVMPD.

There are no allegations Sheriff McMahill was personally involved in the subject incident. Sherriff McMahill must be dismissed for three reasons.

First, the Complaint makes clear that Sheriff McMahill is being sued simply because he is the sheriff of LVMPD. However, Sheriff McMahill *was not* the sheriff of LVMPD on the date of the incident. He did not assume the office until January 2, 2023. *See* https://www.lvmpd.com/en-us/Pages/Sheriff-Kevin-McMahill.aspx. The current Governor of the State of the Nevada Joseph Lombardo was the sheriff of LVMPD on the date of the incident.

Second, the official capacity claims against the Sheriff are duplicative of plaintiff's claims against LVMPD because "a suit against a governmental official in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. Los Angeles*, 946 F.2d 630, 645 (9th Cir. 1991). The real party in such suits is the entity, and it is the entity that will be responsible for any damages. *Ward v. City of Sparks*, 2011 WL 587153 at *4 (D. Nev. Jan. 12, 2011). Indeed, the Supreme Court has held that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell* . . . local government units can be sued directly for damages and injunctive or declaratory relief." *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985). Further, with respect to plaintiff's state law claims, "[n]o action may be brought against . . . [a] sheriff . . . which is based solely upon any act or omission of an officer of the department." *See* Nev. Rev. Stat. § 41.0335(1)(a) and (b).

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

Third, plaintiff's individual claims against Sheriff McMahill must be dismissed. Under §1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violation or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under Section 1983."). A supervisor may only be held liable if there exists either: (1) his or her personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The Ninth Circuit defined the contours of individual liability when it stated that a plaintiff cannot hold an officer liable because of his membership in a group without showing individual participation in the unlawful conduct. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir. 1996). In other words, group liability requires that a plaintiff first establish the "integral participation" of the officers in the alleged constitutional violation. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Here, there are no allegations that even suggest Sheriff McMahill participated in, directed, or knew of the subject events. In fact, the only factual reference to Sheriff McMahill is the fact that he is being sued.

### B. THE OFFICIAL CAPACITY CLAIMS AGAINST THE INDIVIDUAL OFFICERS MUST BE DISMISSED.

Plaintiff is suing Sergeant Bagaporo, Sergeant Blum, Officer Garcia, and Officer Ortega in both their individual and official capacities. (Compl. at ¶¶14, 17, 20, 23) As set forth above, "a suit against a governmental official in his official capacity is equivalent to a suit against the governmental entity itself." *Larez*, 946 F.2d at 645. Thus, the official capacity claims must be dismissed as duplicative of the claims against LVMPD.

/ / /

/ / /

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

### C. PLAINTIFF'S *MONELL* CLAIMS MUST BE DISMISSED.

Plaintiff's Complaint includes three separate *Monell* claims against LVMPD. First, plaintiff alleges in her second cause of action LVMPD "failed to properly train or modify their training" in the appropriate use of force. (Compl. at ¶91) Second, plaintiff's fourth cause of action redundantly alleges that LVMPD, pursuant to § 1983, has a custom and practice of failing train and supervise its employees. (*Id.* at ¶¶108-114) Third, plaintiff's fifth cause of action alleges LVMPD "maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or failed to created policies, practices or trainings" regarding use of force.

#### 1. Relevant *Monell* law.

In *Monell v. Dep't of Social Services*, the Supreme Court held that when a municipal policy of some nature is the cause of the unconstitutional actions taken by municipal employees, the municipality itself will be liable. 436 U.S. 658 (1978). Liability only exists where the unconstitutional action "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by municipal officers, or where the constitutional deprivation is visited pursuant to governmental "custom" even though such a "custom" has not received formal approval. *Monell*, 436 U.S. at 690-91. The Court defined "custom" as "persistent and widespread discriminatory practices by state officials." *Id.* at 691 (citing *Adickes v. S.H. Dress & Co.*, 398 U.S. 144, 167-68 (1970)).

The doctrine of respondeat superior does not apply to 42 U.S.C. § 1983 claims against municipalities. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986) (citing *Monell*, 436 U.S. at 691). In other words, municipal liability is not established merely by showing that a municipal employee committed a constitutional tort while within the scope of employment. *Id.* at 478-79. For liability to attach to a municipality, a plaintiff must establish that the wrongful act complained of was somehow caused by the municipality. *Monell*, 436 U.S. at 691-95. Such liability can be imposed only for injuries inflicted pursuant to a governmental "policy or custom." *Monell*, 436 U.S. at 694. In addition, there must be shown to be an affirmative link between the policy or custom and the particular constitutional violation alleged. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). The alleged

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

policy or custom must be the "moving force" for the constitutional violation in order to establish liability under §1983. *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citing *Monell*, 436 U.S. at 694). Causation must be specific to the violation alleged, meaning that merely proving an unconstitutional policy, practice, or custom, however loathsome, will not establish liability unless the specific injury alleged relates to the specific unconstitutional policy proved. *Board of County Comm'rs of Bryan City, Oklahoma vs. Brown*, 520 U.S. 397, 404 (1997). Once each of these elements are met, a plaintiff must further prove that the unconstitutional policy that caused his injury was the result of something more than mere negligence on the part of the municipality, and was instead the result of "deliberate indifference" - a state of mind that requires a heightened level of culpability, even more than mere "indifference." *Id.* at 411. In fact, the *Monell* standard for municipal liability has been interpreted as more restrictive than "common law restrict[ions] [on] private employers' liability for punitive damages." *See* David Jacks Achtenburg, Taking History Seriously: Municipal Liability Under 42 U.S.C. § 1983 and the Debate Over Respondeat Superior, 73 Fordham L. Rev. 2183, 2191 (2005). Proof of a single incident is insufficient to establish a custom or policy. *Tuttle*, 471 U.S. at 821.

The Ninth Circuit has outlined two principles relevant to deciding whether a *Monell* pleading is sufficient under *Twombly* and *Iqbal*. *See Starr v. Baca*, 652 F.3d 1202, 1212-16 (9th Cir. 2011); *see AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (extending the reasoning in *Starr* to *Monell* claims).

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr*, 652 F.3d at 1212-16.

/ / /

/ / /

/ / /

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

### 2. Plaintiff has failed to plead sufficient claims to support a failure to train and supervise claim.

To establish a claim for relief for failure to train or supervise, the plaintiff must show: "(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389-91 (1989). "Deliberate indifference is a stringent standard of fault, requiring proof that municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation omitted). A plaintiff can establish deliberate indifference by demonstrating that either "[a] pattern of similar constitutional violations by untrained employees" exists or "the unconstitutional consequences of failing to train" are "so patently obvious that a city could be liable … without proof a pre-existing pattern of violations." *Id.* at 62-64. The latter showing, called "single-incident liability," is "rare" and occurs only "in a narrow range of circumstances." *Id.* at 63-64.

Here, all of plaintiff's allegations only involve the Sommer incident. Plaintiff offers nothing more than conclusory allegations that an officer who lacks training to handle the scenarios presented here would violate a plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (holding that mere recitals of a claims elements, supported by only conclusory statements, are insufficient to state a claim for relief). Generally, a single act by a non-policy-making official does not show the existence of a policy, custom, or practice. *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "Only if a plaintiff shows that his injury resulted from a 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000) (citation omitted).

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

### D. PLAINTIFF'S STATE LAW NEGLIGENT SUPERVISION AND TRAINING CLAIM MUST BE DISMISSED.

Plaintiff's ninth cause of action alleges negligent supervision and training under Nevada state law. (Compl. at ¶¶138-142) The LVMPD Defendants are immune under Nev. Rev. Stat. § 41.032 from this claim.

Nevada has generally waived its sovereign immunity, *see* Nev. Rev. Stat. § 41.032, but it has retained its immunity for state officials exercising discretion. *See id.*; *see also Carey v. Nevada Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002). A person cannot maintain an action against an officer or employee of Nevada "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies . . . or of any officer . . . whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032(2) (emphasis added). Recently, the Nevada Supreme Court confirmed that LVMPD's decisions with respect to hiring, training, and supervision are discretionary and protected by Nevada's discretionary-immunity statute. *Paulos v. FCH1*, 136 Nev. 18, 26 (2020); *see also Wells v. City of Las Vegas*, 2022 WL 4625988, *3-4 (D. Nev. 2022) (collecting cases).

## V. CONCLUSION

Based upon the above, this Motion requests that the Court:

1. Dismiss Sheriff Kevin McMahill from the lawsuit.
2. Dismiss all official capacity claims against the named LVMPD officers.
3. Dismiss plaintiff's *Monell* claims.
4. Dismiss plaintiff's state-law negligent supervision and training claims.

Plaintiff has pled sufficient facts to move forward with discovery on the following claims:

1. Sommer's Estate's § 1983 Fourth Amendment excessive force claim against the individual officers.
2. Sommer's Estate's § 1983 Fourteenth Amendment familial relationship claim against the individual officers.

MAC:14687-411 5263515_2 11/7/2023 8:23 AM

3. Plaintiff's state law negligence-based claims (sans the negligent supervision and training claims) against the Defendants.

4. Plaintiff's state law wrongful death claims against the Defendants.

5. Plaintiff's Nevada state constitutional claims against the Defendants.

Dated this 7th day of November, 2023.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Sheriff Kevin McMahill, Sgt. Bagaporo, Sgt. Blum, Ofc. Garcia and Ofc. Ortega

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, SHERIFF KEVIN MCMAHILL, SGT. BAGAPORO, SGT. BLUM, OFC. GARCIA AND OFC. ORTEGA'S MOTION FOR PARTIAL DISMISSAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 7th day of November, 2023.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☒ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

*s/Sherri Mong*
an employee of Marquis Aurbach

MAC:14687-411 5263515_2 11/7/2023 8:23 AM