1  **Marquis Aurbach**
Craig R. Anderson, Esq.
2  Nevada Bar No. 6882
10001 Park Run Drive
3  Las Vegas, Nevada 89145
Telephone: (702) 382-0711
4  Facsimile: (702) 382-5816
canderson@maclaw.com
5    Attorneys for Defendants LVMPD, Sheriff Kevin McMahill, Sgt. Bagaporo, Sgt. Blum,
   Ofc. Garcia and Ofc. Ortega
6
## UNITED STATES DISTRICT COURT
7
### DISTRICT OF NEVADA
8

| | |
|---|---|
| 9  TAYLOR SOMMER, individually; TAYLOR SOMMER, as the Administrator of the ESTATE OF REINER SHAWN SOMMER, deceased, | Case Number: 2:23-cv-01682 |
| 11                               Plaintiff, | **STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |
| 12        vs. | |
| 13  CITY OF LAS VEGAS, NEVADA a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; KEVIN MCMAHILL, individually and as a policy maker and Sheriff of LAS VEGAS METROPOLITAN POLICE DEPARTMENT; SERGEANT GERALD BAGAPORO, individually and in his official capacity; SERGEANT JEFFREY BLUM, individually and in his official capacity; OFFICER ANDREW GARCIA, individually and in his official capacity; OFFICER JOSEPH ORTEGA, individually and in his official capacity; DOE LAS VEGAS METROPOLITAN POLICE DEPARTMENT SUPERVISORS I through X, inclusive and ROE LAS VEGAS METROPOLITAN POLICE DEPARTMENT OFFICERS XII through XX, inclusive, | |
| 23                               Defendants. | |

MAC:14687-411 5529444_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX: (702) 382-5816

1  Plaintiff Taylor Sommer, individually and as the Administrator of the Estate of

2  Reiner Shawn Sommer, deceased ("Plaintiffs"), and Defendants Las Vegas Metropolitan

3  Police Department ("LVMPD"), Sheriff Kevin McMahill, Sgt. Bagaporo, Sgt. Blum, Ofc.

4  Garcia and Ofc. Ortega ("LVMPD Defendants"), by and through the undersigned counsel,

5  and hereby present this stipulation pursuant to LR 26-3, requesting the court extend the close

6  of discovery by approximately sixty (60) days. This is the parties' second request for an

7  extension of the current discovery deadlines.

8  **I.      INTRODUCTION**

9      1.      On January 2, 2024, the parties submitted a Proposed Joint Discovery Plan

10  and Scheduling Order which requested an extended discovery period of 270 days [ECF

11  #16].

12     2.      On January 3, 2024, the Court entered an Order denying the Proposed Joint

13  Discovery Plan and Scheduling Order [ECF #17]. The Court's Order rejected the parties

14  request for 270-days and set the following deadlines:

15  • Initial Disclosures:                    January 10, 2024

16  • Add/Amend Pleadings:                February 6, 2024

17  • Initial Experts:                          March 7, 2024

18  • Rebuttal Experts:                      April 8, 2024

19  • Discovery Cut-off:                    May 6, 2024

20     3.      On February 8, 2024, the parties submitted a Stipulation to Extend the

21  Discovery Deadlines and to Allow Additional Depositions [ECF #19].

22     4.      On February 9, 2024, the Court denied the Stipulation [ECF #20].

23     5.      On February 12, 2024, the parties submitted a Stipulation to Extend

24  Discovery Deadlines and to Allow Additional Depositions [ECF #21].

25     6.      On February 13, 2024, the Court granted the Stipulation [ECF #22].

26     7.      The Order provided for the following deadlines:

27  • Initial Experts:                          June 5, 2024

28  • Rebuttal Experts:                      July 8, 2024

MAC:14687-411 5529444_1

- Discovery Cut-Off          August 5, 2024
- Dispositive Motions:       September 3, 2024
- Joint Pretrial Order:      October 3, 2024

In the extension the Court stated it "is not inclined to further extend discovery deadlines" and that "the parties must diligently conduct discovery." (ECF No. 22 at 2:1-3.)

Since the inception of discovery, the parties have diligently and aggressively conducted discovery. However, for reasons stated below, the parties jointly request a relatively brief additional period of time to complete discovery.  As set forth herein, the parties have not been reasonably able to complete all discovery despite significant effort and diligence.  Moreover, the parties have been unable to set expert depositions before the August 5, 2024 discovery cut-off date, in large part, to the availability of the experts. Therefore, the parties are requesting a 60-day discovery extension to complete all necessary discovery and depositions.

## II.   DISCOVERY COMPLETED

To date, the parties have conducted the following discovery:

1.     Prior to the filing of this action on October 16, 2023, the Estate of Reiner Sommer subpoenaed documents from LVMPD and various health care providers.

2.     Defendants served their initial disclosures on January 5, 2024, including a large number of photographs and body cam videos.

3.     Plaintiffs served their initial disclosures on January 9, 2024, including voluminous medical records.

4.     Plaintiffs served Defendants with their first set of written discovery on January 6, 2024, and Defendants have responded.

5.     Defendants served Plaintiffs with their first set of written discovery on January 5, 2024, and Plaintiffs have responded.

6.     Plaintiffs served Defendants with a second set of requests for production on April 23, 2024, and Defendants have responded.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:14687-411 5529444_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

7. Plaintiffs served Defendants with a third set of requests for production on May 9, 2024, and Defendants have responded.

8. Plaintiffs served Defendants with a second set of interrogatories on July 1, 2024, to which Defendants are required to respond.

9. Plaintiffs have retained and disclosed three expert witnesses.

10. Defendants have retained and disclosed two expert witnesses.

11. Both parties are prepared to serve rebuttal expert reports by the July 5, 2024 deadline.

12. Both parties have served several supplements to their Initial Rule 26 Disclosures.

13. Plaintiffs have taken the depositions of: (1) all four defendant police officers, (2) three paramedics, (3) two Walgreen employees, (4) coroner Ben Murie, M.D., and (5) have noticed LVMPD's Rule 30(b)(6) deposition for July 9, 2024.

14. Defendants have taken the deposition of Plaintiff Taylor Sommer.

15. Defendants have subpoenaed, received, and produced records regarding the Decedent's medical history and criminal history.

16. Plaintiffs have subpoenaed documents and records from the San Diego County Sheriff's Office. A response to said subpoena is currently due prior to the close of discovery.

17. Plaintiffs have subpoenaed documents and other materials, including tissue samples, from the Clark County Coroner's Office. A response to said subpoena is currently due prior to the close of discovery. However, the nature of the requested materials necessitates significantly more time and attention than a normal document subpoena might require.

18. Plaintiffs have subpoenaed documents and other materials, including security videos, from Walgreens. A deposition related to said subpoena is expected to take place prior to the current close of discovery.

MAC:14687-411 5529444_1

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX:  (702) 382-5816

1    19.    Plaintiffs have recently located a percipient witness, Jennifer Aguilar, who

2    was formerly employed as a paramedic in Las Vegas.  Since the date of the Plaintiff's death,

3    Ms. Aguilar moved to Florida.  Ms. Aguilar was difficult to locate..

4    20.    The parties are actively working to set expert depositions.

5    **III.    DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED**

6    1.    Defendants need to serve their experts' rebuttal reports. The reports are

7    expected to be ready to be served by the July 8, 2024 deadline.

8    2.    To the extent necessary, Plaintiffs need to serve their experts' rebuttal

9    reports. The reports are expected to be ready to be served by the July 8, 2024 deadline.

10    3.    Plaintiffs are taking the deposition of LVMPD's Rule 30(b)(6) witness on

11    July 9, 2024.

12    4.    Plaintiffs are awaiting a response to the subpoena that has been issued to the

13    San Diego County Sheriff's Office.

14    5.    Plaintiffs are awaiting a response to a subpoena that has been issued to the

15    Clark County Coroner's Office. Among the information that has been requested are tissue

16    samples.  As set forth above, Dr. Murie recently advised that these tissue samples have not

17    yet been plated. This may delay the Coroner's ability to timely respond to the subpoena.

18    Once the Coroner's Office has responded, the Plaintiffs must utilize the appropriate methods

19    and chain of custody procedures to allow their medical expert to examine these tissue

20    samples and render his medical opinions.

21    6.    Plaintiffs are awaiting a response to a subpoena that has been issued to

22    Walgreens and working to schedule a deposition of the person with knowledge regarding the

23    pertinent information.

24    7.    Plaintiffs would like to take the out-of-state deposition of Jennifer Aguilar.

25    This has not been possible to date because Ms. Aguilar was only recently located in Florida.

26    8.    Plaintiffs need to take the deposition of Defendants' expert witnesses

27    (working on dates).

28

MAC:14687-411 5529444_1

1    9.    Defendants need to take the deposition of Plaintiffs' expert witnesses

2  (working on dates).

3  **IV.    REASONS WHY DISCOVERY HAS NOT BEEN COMPLETED**

4    As demonstrated above, the parties have worked diligently and aggressively at

5  completing discovery. Further, the parties have a strong working relationship and have been

6  able to work through numerous potential discovery disputes without seeking court

7  intervention. As a result, discovery in this case has moved smoothly.

8    With the foregoing said, the parties seek additional time to complete some discovery

9  that could not reasonably be completed to date.  Plaintiffs have subpoenaed documents

10  related to the Plaintiff's prior incarceration and medical condition from the San Diego

11  County Sheriff's Office.  Although a response is due prior to the close of discovery, it is not

12  known whether the Sheriff's Office will meet the deadline.   Once the response is received,

13  Plaintiffs must disclose the pertinent information.

14    Plaintiffs have also subpoenaed materials from the Clark County Coroner's Office.

15  Again, a response is due prior to the close of discovery; however, among the requested

16  materials are tissue samples. During the course of Dr. Murie's deposition in Utah, the parties

17  were advised that these samples have not yet been plated.  This will likely result in the need

18  for additional time on the part of both the Coroner's Office and the parties.  Plaintiffs'

19  medical expert (and perhaps the Defendant's medical expert) need to examine these tissue

20  samples and render opinions.  Chain of custody and medical protocols must be followed.

21  The parties were not aware of the existence or potential importance of these tissue samples

22  until the medical experts provided their reports.

23    Plaintiffs also seek to complete additional depositions of Walgreens and Ms. Aguilar.

24  Walgreens is not a party to this case.  Plaintiffs have been attempted to amicably schedule

25  the deposition of a Walgreens 30(b)(6) witness with its corporate counsel for some time.

26  Unfortunately, it has been difficult.  Plaintiffs also only recently located Ms. Aguilar, who

27  moved to Florida.   Plaintiffs believe that this percipient witness may have additional

28

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711  FAX:  (702) 382-5816

MAC:14687-411 5529444_1

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

valuable information. However, because she was difficult to locate and because she now resides in Florida, Plaintiffs have not been able to complete this deposition to date.

In addition, due to scheduling issues it has proven difficult for the parties to set expert depositions within the current deadlines. This is due to:

- Defendants just completed a ten day (June 17-26, 2024) jury trial in *Estate of Childress, et al. v. LVMPD, et al.*, 2:20-cv-01589-APG-NJK

- Defendants are starting a two-week jury trial (expect to last July 29-August 12, 2024). *See Estate of Gomez, et al. v. LVMPD, et al.*, 2:20-cv-01589-RFB-BNW.

- Defendants' police practices expert is unavailable during the month of July due to prior scheduled commitments.

- Plaintiffs' experts have limited availability during the month of July and none of the dates match available dates for defense counsel.

The parties anticipate that expert depositions can be completed by the end of August 2024. However, the parties are requesting an additional thirty-days so deposition transcripts can be obtained prior to the filing of dispositive motions. The parties further believe that they can wrap up all other required discovery within the requested time frame.

## V. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

**1. Discovery Cut-Off: Monday, August 5, 2024 to October 7, 2024**

**2. Dispositive motions: Tuesday, September 3, 2024 to November 3, 2024**

**3. Joint Pretrial Order: Thursday, October 3, 2024 to December 3, 2024 (30 days after the resolution of dispositive motions, or further Court order)**

The parties reiterate that this request is not due to lack of diligence or failure to plan. Rather, in light of defense counsel's two trials in June and July and the parties' experts' schedules, it has been problematic to find expert deposition dates prior to the discovery cut-off. Additional matters have been generally out of the control of the parties. As set forth above, most of the remaining required discovery is currently scheduled to be completed. However, the responses of certain parties are not within the control of the parties. As for the

MAC:14687-411 5529444_1

1    Clark County Coroner's Office, the parties were not aware of the existence of need for the

2    tissue samples until their medical experts provided their reports.  Nor were they aware that

3    the tissue samples had not yet been plated. Although a response from the Coroner's Office is

4    presently due by the current close of discovery, even if the Coroner timely responses, it is

5    unlikely that sufficient time will exist for the parties' medical experts to conduct their

6    examination and testing, particularly given the chain of custody and medical protocols at

7    issue.  Ideally, the medical experts will have the opportunity to examine the tissue samples

8    and render additional opinions before they are deposed.

9            Dated this 3rd day of July, 2024.

10   MARQUIS AURBACH                          ROGER P. CROTEAU & ASSOCIATES,
                                              LTD.
11

12   By: *s/Craig R. Anderson*                By:    *s/Timothy E. Rhoda*
         Craig R. Anderson, Esq.                     Roger P. Croteau, Esq.
13       Nevada Bar No. 6882                         Nevada Bar No. 4958
         10001 Park Run Drive                        Timothy E. Rhoda, Esq.
14       Las Vegas, Nevada 89145                     Nevada Bar No. 7878
         Attorneys for Defendants LVMPD,             2810 West Charleston Blvd., #67
15       Sheriff Kevin McMahill, Sgt. Bagaporo,      Las Vegas, Nevada 89102
         Sgt. Blum, Ofc. Garcia and Ofc. Ortega      Attorney for Plaintiffs
16

17       IT IS SO ORDERED:

18       **NO FURTHER EXTENSIONS**
         **WILL BE GRANTED.**
19
                                              _____
20                                            UNITED STATES MAGISTRATE JUDGE

21                                            DATED:  July 8, 2024

22

23

24

25

26

27

28

MAC:14687-411 5529444_1

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816